**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RANDALL G. TRACKWELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )    **Case No. 12-4107-JAR/KGS** |
| **VICTOR W. MILLER,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM AND ORDER DENYING MOTION FOR**
**TEMPORARY RESTRAINING ORDER**

This lawsuit was filed *pro se* by Randall G. Trackwell.  Although Plaintiff asserts this

Court has jurisdiction under the United States Constitution and as a federal question under 28

U.S.C. § 1331, he does not identify any specific cause of action against Defendant Victor W.

Miller, who is sued in his official capacity as Administrative Judge of the Topeka, Kansas

Municipal Court.  On September 5, 2012, Plaintiff filed a Motion for Temporary Restraining

Order (Doc. 2) asking this Court to enjoin his trial in Topeka Municipal Court set for September

6, 2012.  Plaintiff alleges that he was charged with violating Topeka Municipal Code 8.70.030,

which requires property owners to maintain weather tight conditions of their residence or

commercial structure, and that he is being denied his right to a jury trial.  At the time this motion

was filed, summons had not yet issued to Defendant and there is no certificate of service attached

to the motion.[1]

Under Fed. R. Civ. P. 65(b)(1), the Court may issue a temporary restraining order without

written or oral notice to the adverse party under the following circumstances:

_____

[1]Plaintiff states that he sent a notice to Defendant via email on August 27, 2012, c/o the Topeka Municipal
Court Administrator.

> (A) specific facts in an affidavit or a verified complaint clearly
> show that immediate and irreparable injury, loss, or damage will
> result to the movant before the adverse party can be heard in
> opposition; and
> (B) the movant's attorney certifies in writing any efforts made to
> give notice and the reasons why it should not be required.

To obtain a temporary restraining order or a preliminary injunction, the moving party must show a clear and unequivocal right to relief.[2]  The moving party must establish the following elements to obtain relief:

> (1) a substantial likelihood of success on the merits;  (2) a showing
> of irreparable injury unless the injunction issues; (3) proof that the
> threatened injury to the movant outweighs whatever damage the
> proposed injunction may cause the opposing party; and (4) a
> showing that the injunction, if issued, would not be adverse to the
> public interest.[3]

In cases where the movant has prevailed on the other factors, the Tenth Circuit generally uses a liberal standard for "probability of success on the merits," so the moving party need only raise "questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation."[4]

There are three types of injunctions that are disfavored in the Tenth Circuit, and thus, are subjected to a heightened burden.  Those injunctions are: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.[5]  If an

---

[2]*SCFC ILC, Inc., v. Visa USA*, 936 F.2d 1096, 1098 (10th Cir. 1991).

[3]*Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

[4]*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980) (internal quotations omitted).

[5]*O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (per curiam), *aff'd*, 126 S. Ct. 1211 (2006); *see also Schrier*, 427 F.3d at 1258–59.

injunction falls into one of these categories, it "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."

Plaintiff does not cite to nor discuss the elements required for obtaining a temporary restraining order.  Plaintiff has not proffered any argument or evidence that he is substantially likely to succeed on his claims, and in fact, has not alleged any specific claim for relief on the merits, other than injunctive relief.  While it appears that Plaintiff attempts to bring a claim for violation of his civil rights under 48 U.S.C. § 1983, the *Younger* abstention doctrine likely precludes this Court from enjoining pending state court proceedings when such relief could adequately be sought before the state court.[6]  Plaintiff has not alleged, much less shown, that he will be immediately, irreparably harmed by denial of his request for a temporary restraining order, or that relief is not available to him in state court.  Importantly, Plaintiff has not shown that the harm to him if an injunction does not issue outweighs any harm to the Defendant in being enjoined.  Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is **denied**.

**IT IS SO ORDERED.**

**Dated:** September 6, 2012

     **S/ Julie A. Robinson**
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**

---

[6]*Younger v. Harris*, 401 U.S. 37 (1971).