IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RANDALL G. TRACKWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 12-4107-JAR/KGS |
| VICTOR W. MILLER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Randall G. Trackwell, proceeding *pro se*, filed this action against Defendant Victor Miller, in his official capacity as an Administrative Judge for the City of Topeka, alleging that his rights under the Due Process Clause have been violated because he is being tried without a jury in Topeka Municipal Court on misdemeanor charges, and requesting this Court to enjoin the pending trial. This Court denied Plaintiff's Motion for Temporary Restraining Order ("TRO") seeking to stop his municipal court trial set for September 6, 2012 (Doc. 4). On September 12, 2012, the Court issued an Order directing Plaintiff to show good cause in writing why this case should not be dismissed as moot (Doc. 5). Plaintiff responded to the Court's Order with a Motion to Reconsider TRO and Preliminary Injunction (Doc. 6). For the reasons explained in detail below, the Court denies Plaintiff's motion and dismisses the case under the *Younger* abstention doctrine.[1]

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or

---

[1] "[C]ourts may address application of the *Younger* doctrine sua sponte." *Kingston v. Utah Cnty.*, 161 F.3d 17, 1998 WL 614462, at *2 (10th Cir. 1998) (table) (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976)).

judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[2] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[3] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4]

Plaintiff presents no valid legal argument to warrant relief from the Court's order denying TRO. Instead, he repeats arguments and allegations regarding whether his due process rights have been violated by the Topeka Municipal Court trying him on misdemeanor charges without a jury. Plaintiff does not address the Court's inquiry about the status of his trial other than to state a bench warrant for his arrest was issued by Defendant. The warrant was apparently issued because Plaintiff did not appear for trial on September 6, 2012, and trial has been rescheduled for November 6, 2012.[5]

Although this matter is not moot, Plaintiff continues to fail to demonstrate a likelihood of success on the merits. Indeed, after reviewing Plaintiff's Complaint and the instant motion for reconsideration, it is apparent that the *Younger* abstention doctrine precludes this Court from interfering with the pending state court proceedings by granting equitable relief—such as an

---

[2]D. Kan. Rule 7.3(a).

[3]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[4]*Servants*, 204 F.3d at 1012; *Brown v. Presb. Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[5]The Court takes judicial notice of the docket sheet in Topeka Municipal Case No. CR-10-0003344-PC.

injunction of the criminal trial or declaratory relief regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court.[6]  *Younger* requires a federal court to abstain when "(1) there is an ongoing state criminal, civil or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'"[7]  Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain.[8]

Since this case involves ongoing municipal criminal proceedings in which the City of Topeka's interest in enforcing its municipal code is at stake, and Plaintiff has the opportunity to raise constitutional issues and appeal those issues to the state district court if he believes they are wrongly decided,[9] abstention under *Younger* is proper in this case.  Plaintiff is mistaken that he has a constitutional right to a jury trial under the Sixth Amendment to the United States Constitution,[10] because the offense of violating weather tight requirements set forth in Topeka Municipal Code 8.70.030 is a misdemeanor not punishable by more than six months'

---

[6]*Younger v. Harris*, 401 U.S. 37 (1971); *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

[7]*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998)).

[8]*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (citation omitted).

[9]K.S.A. 22-3609.

[10]*See Kansas v. Irving*, 533 P.2d 1225, 1226 (Kan. 1975) (citing *Duncan v. Louisiana*, 391 U.S. 145 (1968)) (explaining the constitutional requirement "that defendants accused of serious crimes be afforded the right to trial by jury . . . where imprisonment for more than six months is authorized.").

3

imprisonment.[11]  However, Plaintiff does have a statutory right to a jury trial as provided by K.S.A. § 22-3609(4).  More specifically, although Kansas law provides that trials in the municipal court of a city shall be to the court,[12] a defendant has the right to appeal the conviction from any judgment of a municipal court to the district court of the county in which he was tried, and has the right to request a jury trial under the terms and conditions of K.S.A. § 22-3609(1) and (4).[13]  Thus, the conditions of *Younger* are met.

The *Younger* doctrine is not without its own exceptions, as federal courts may "enjoin a pending state criminal prosecution provided that it was (1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate."[14]  Although Plaintiff asserts that the winterization charges were brought to harass him, he cites to proceedings pending before the Kansas Court of Tax Appeals, and his mere allegations of bad faith or harassment do not meet his heavy burden to overcome the bay of *Younger* abstention.[15]  Moreover, the state court provides Plaintiff with a full and adequate venue for vindicating his asserted rights.  Likewise, there is no threat of irreparable injury, as Plaintiff may appeal any conviction of the municipal court charges to the district court and request his statutory right to a jury trial.  Accordingly, the *Younger* doctrine requires dismissal of this action.

---

[11]Any person convicted of violating any duties set forth in the Topeka Municipal Code shall be deemed guilty of a misdemeanor punishable by a fine not exceeding $499 and/or imprisonment for not more than 179 days. Topeka Mun. Code 1.10.070(b).

[12]K.S.A. § 22-3404(3).

[13]*See City of Wichita v. Bannon*, 154 P.3d 1170, 1173 (Kan. Ct. App. 2007).

[14]*Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995).

[15]*Id*. at 1066.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reconsider this Court's Order denying his request for TRO (Doc. 6) is DENIED.

**IT IS FURTHER ORDERED** that this case is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: October 22, 2012

                                                  S/ Julie A. Robinson
                                                  JULIE A. ROBINSON
                                                  UNITED STATES DISTRICT JUDGE